IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| MICHAEL J. WALTER and | ) | |
| CAROL D. WALTER, | ) | |
| | ) | Bankruptcy No. 10-03352 |
| Debtor. | ) | |
| ------------------------------------------------------- | | |
| DAVID A. SERGEANT, in his sole | ) | |
| capacity as Chapter 7 Trustee, | ) | |
| | ) | Adversary No. 11-09024 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ONEWEST BANK, FSB, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER RE: MOTION FOR PARTIAL DISMISSAL

This matter came before the Court in a telephonic hearing on Defendant

OneWest Bank's Motion for Partial Dismissal.   Defendant moved to dismiss two

counts of Trustee's Complaint to Avoid Transfer.   Jason C. Palmer and Thomas M.

Boes represented Defendant.   Eric W. Lam represented the Chapter 7 Trustee.   The

Court took the matter under advisement.   This is a core proceeding under 28 U.S.C.

§ 157(b)(2)(A), (K), and (O).

**STATEMENT OF THE CASE**

Michael Walter signed two promissory notes now held by Defendant OneWest Bank.   To secure the promissory notes, both Michael and Carol Walter signed and recorded deeds of trust, also now held by Defendant.   According to Trustee, around the time Debtors recorded the second deed of trust, Debtors became indebted to the Internal Revenue Service (IRS).   Trustee filed the Complaint to avoid the deeds of trust as fraudulent transfers under 11 U.S.C. § 544.   Trustee attempts to step into the shoes of the IRS and utilize the transfer avoidance provisions of state law and federal nonbankruptcy law to recover for the Estate.

Defendant moves to dismiss the two lien-avoidance counts of Trustee's Complaint.   Defendant asserts that Trustee fails to state a plausible claim to avoid fraudulent transfers under the Supreme Court's pleading standards set forth in Ashcroft v. Iqbal, ___ U.S.___, 129 S. Ct. 1937 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).   After reviewing the record and hearing the parties' arguments, the Court denies Defendant's Motion for Partial Dismissal.

**PLEADINGS AND FACTUAL ALLEGATIONS**

The following factual allegations are taken from the Trustee's Complaint. Debtors Michael and Carol Walter were married in 1974.   In March 1995, they

2

purchased a second home (non-homestead property) in Osage Beach, Missouri (the "Missouri Property").   They paid $435,000.

Michael sold his share of a business in 1995, which resulted in a payment of $1,000,000, or more, to Michael.   He and Carol used approximately $300,000 of those funds to improve the Missouri Property.   They also used some of the funds to pay off the mortgage on the Missouri Property.

Michael later acquired an ownership interest in two limited liability companies: Retlaw's Riverside Sports Bar & Grille, L.C. ("RRSBG") and John W. Enterprises, L.C., d/b/a Retlaw's at the Lake ("JWE").   The Missouri Property was used as collateral for purchases made by the business.   In 2001, RRSBG purchased a bar in Charles City, Iowa.   RRSBG borrowed the funds from First Citizens National Bank.   Michael personally guaranteed the loan and pledged the Missouri Property as collateral.   In addition, Carol signed an unlimited guarantee in favor of First Citizens National Bank with respect to all debts.

In 2005, JWE purchased a bar and restaurant in Clear Lake, Iowa.   JWE also obtained financing from First Citizens National Bank.   Michael again personally guaranteed the loan and offered the Missouri Property as collateral.   Even though the two limited liability companies operated both bars, Michael used his and Carol's personal savings and assets to run the bars because they were operating at a loss.

In 2006, IndyMac Bank, FSB ("IndyMac") approached Michael and offered to loan him $1,000,000.   This offer was based on an appraisal of the Missouri Property showing a value of $1,600,000.   IndyMac did not ask for tax returns from Michael or Carol or perform other analysis regarding Michael's financial strength to repay IndyMac.

On July 13, 2006, Michael signed a $1,000,000 promissory note in favor of IndyMac.   Carol did not sign a promissory note.   To secure the note, Michael and Carol both signed a deed of trust on the Missouri Property in favor of IndyMac, which was recorded on July 20, 2006.

Michael used the $1,000,000 loan to retire debt, to operate the bars/restaurants, and to make the loan payments to IndyMac.   He used $477,000 to pay off the two First Citizens National Bank mortgages on the Missouri Property.

A few months later, IndyMac loaned another $150,000 to Michael.   On September 28, 2006, Michael signed a promissory note for this second loan.   This was characterized as a home equity line of credit.   To secure this second note, both Michael and Carol signed a second deed of trust on the Missouri Property in favor of IndyMac.   The second deed of trust was recorded sometime in 2007.   Defendant, OneWest Bank, now holds the $1,000,000 note, the $150,000 note, and the two deeds of trust.

4

Trustee's focus in this case is the effect of these transactions and transfers on Carol's financial condition. Trustee specifically alleges that after the first deed of trust (on the Missouri Property) was recorded in July 2006, Carol's remaining non-exempt, unencumbered assets were worth less than the debts for which Carol was liable. If Carol had not pledged her interest in the Missouri Property in that deed of trust, that interest would have been available to her creditors. The second deed of trust, according to Trustee, had similar or compounding effect.

In 2007, Debtors incurred a debt to the IRS. Three years later, on December 17, 2010, Debtors filed a voluntary Chapter 7 Petition. As of the Petition date, the penalty balance owing to the IRS was $4,750, plus interest.

On May 3, 2011, Trustee filed this three-count Complaint to avoid the Deeds of Trust on the Missouri Property. Trustee alleges in all counts that Carol received nothing in return for signing away her interest in the Missouri Property in the first and second deed of trust. Trustee alleges the deed of trust transactions should be set aside as to Carol for failure of consideration (Count I), and as fraudulent transfers Trustee can avoid under his § 544 powers (Counts II & III). In Count II, Trustee asks the Court to declare the Deeds of Trust voidable as fraudulent conveyances under 28 U.S.C. §§ 3301–3308. In Count III, he asks the Court to declare the Deeds of Trust voidable under Iowa Code Chapter 684.

5

Defendant moved to dismiss the two fraudulent conveyance counts in the

Complaint.   Defendant argues Trustee failed to state a claim on which relief may be

granted.   According to Defendant, Trustee failed to cite the legal authority that

forms the basis for Trustee's claim, Trustee failed to satisfy the heightened pleading

requirements of Fed. R. Civ. P. 9, and Trustee failed to provide sufficient plausible

factual assertions to support the elements of the claims under the Rule 8 pleading

standards as interpreted by the Supreme Court's opinions in Iqbal and Twombly.

Defendant also suggests any right Trustee has to recover is limited to the $4,750

amount of the IRS debt.

Trustee resists.   Trustee argues that he has specified the legal basis for his

claim.   Trustee argues the pleading standards for actual fraud in Rule 9 do not apply

to claims for constructively fraudulent transfer, and that his Complaint satisfies

Iqbal and Twombly.

## CONCLUSIONS OF LAW

### A.   Motion to Dismiss Standard

The Bankruptcy Rules follow the Federal Rules of Civil Procedure standards

for dismissal and requirements for pleading.   Bankruptcy Rule 7012 specifically

notes: "Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings."   Defendant

6

moves for dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."   Id.

In order to determine whether a complaint states a "claim upon which relief can be granted," courts look to what a party is required to plead.   Again, Bankruptcy Rule 7008(a) provides: "Rule 8 F.R.Civ.P. applies in adversary proceedings." Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

As this Court recently discussed in detail in Sarachek v. Right Place, Inc. (In re Agriprocessors, Inc.), No. 08-02751, Adv. No. 10-09123, 2011 WL 4621741 (Bankr. N.D. Iowa Sept. 30, 2011), the standard for ruling on a motion to dismiss under the Federal Rules has received new attention from the Supreme Court in the last few terms.   "To survive a motion to dismiss, a complaint must contain **sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face**.'"   Iqbal, ___ U.S.___, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555) (emphasis added).   The Supreme Court now applies a two-pronged approach in evaluating a motion to dismiss.   First, the Court identifies "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."   Id. at 1950.   Second, to the extent that the complaint contains factual allegations, the Court assumes the truth of those facts and determines whether they

7

plausibly give rise to an entitlement to relief.    Id.    Additionally, the Supreme Court

noted that pleadings should be evaluated in context.    "Determining whether a

complaint states a plausible claim is context-specific, requiring the reviewing court

to draw on its experience and common sense."    Iqbal, 129 S. Ct. at 1940 (citing

Twombly, 550 U.S. at 556).

   The decisions in Iqbal and Twombly provide the minimum standard of

pleading required to survive a motion to dismiss.    Defendant initially appears to

argue that Trustee's Complaint is deficient because Trustee failed to state his legal

theory.    In particular, Defendant argues Trustee failed to provide precise code

sections in his Complaint.    Iqbal and Twombly, however, did not modify the

Federal Rules' liberal pleading standard for stating legal theories:

> [U]nder the Federal Rules of Civil Procedure, however, a
> complaint need not pin plaintiff's claim for relief to a
> precise legal theory.    Rule 8(a)(2) of the Federal Rules of
> Civil Procedure generally requires only a plausible "short
> and plain" statement of the plaintiff's claim, not an
> exposition of his legal argument.

Skinner v. Switzer, ___ U.S.___, 131 S. Ct. 1289, 1296 (2011) (citing 5 C. Wright &

A. Miller, Federal Practice & Procedure § 1219, pp. 277–78 (3d ed. 2004 and Supp.

2010)).

Trustee here specified that he was attempting to exercise his § 544 powers by using both the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3301–3308 (Count II) and Iowa's version of the Uniform Fraudulent Transfers Act, Iowa Code Chapter 684 (Count III).    Additionally, in responding to the motion to dismiss, Trustee cited and discussed the specific code sections he relies upon.    The Court finds Trustee's Complaint sufficiently stated the legal basis for his claims.

## B.    Fraudulent Conveyance Claims

In order to evaluate whether the Complaint satisfies the Iqbal and Twombly requirements, this Court must evaluate whether the factual assertions by Trustee "plausibly" establish an entitlement to relief.    To do so, the Court must first identify the legal standards Trustee must meet in alleging plausible facts to support a claim.

The Bankruptcy Code allows a trustee to use non-bankruptcy law to avoid certain transfers for the estate's benefit.    11 U.S.C. § 544; Ries v. Wintz Properties, Inc. (In re Wintz Co.), 230 B.R. 848, 859 (B.A.P. 8th Cir. 1999).    Under § 544(b)(1), "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim . . . ."    Thus, "under § 544(b)(1), the **trustee steps into the shoes of an actual unsecured creditor holding an allowed claim and utilizes whatever state or nonbankruptcy federal law remedies that**

9

**particular creditor may have.**" <u>In re Porter</u>, No. 07-1012, 2009 WL 902662, at

*18 (Bankr. D.S.D. Mar. 13, 2009) (emphasis added).   Trustee has asserted two

separate § 544 claims. The first alleges Trustee can recover transfers under 28

U.S.C. §§ 3301–3308, also known as the Federal Debt Collection Procedure Act

(FDCPA). The second alleges Trustee can recover transfers under Iowa Code

Chapter 684, Iowa's version of the Uniform Fraudulent Transfers Act.

**1.     Fraudulent Conveyance Claim under the FDCPA**

In Count II of his Complaint, Trustee alleges that the Deeds of Trust were

fraudulent as to the debt to the IRS.   Trustee claims he can recover the fraudulent

transfer under § 544 by using 28 U.S.C. § 3304(a)(1) and § 3304(b)(1)(B) of the

FDCPA.   The pertinent part of § 3304(a)(1) states:

> Except as provided in section 3307, a transfer made or
> obligation incurred by a debtor is fraudulent as to a debt to
> the United States **which arises before the transfer is
> made or the obligation is incurred** if--
>
> (1)(A) the debtor makes the transfer or incurs the
> obligation without receiving a reasonably equivalent value
> in exchange for the transfer or obligation; and
>
> (B) the debtor is insolvent at that time or the debtor
> becomes insolvent as a result of the transfer or obligation;
> . . .

10

28 U.S.C. § 3304(a)(1)(A) & (B) (emphasis added).   The pertinent part of

§ 3304(b)(1) states:

> Except as provided in section 3307, a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, **whether such debt arises before or after the transfer is made or the obligation is incurred**, if the debtor makes the transfer or incurs the obligation--
>
> (A) with actual intent to hinder, delay, or defraud a creditor; or
>
> (B) without receiving a reasonably equivalent value in exchange for the transfer or obligation if the debtor--
>
> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

28 U.S.C. § 3304(b)(1)(A) & (B) (emphasis added).   The FDCPA thus includes

provisions that allow avoidance of transfers based on both actual fraud and

constructive fraud.   28 U.S.C. § 3304(a) (constructively fraudulent as to existing

debt), § 3304(b)(1)(A) (actual intent to defraud regarding existing or future debt),

and § 3304(b)(1)(B) (constructively fraudulent as to existing or future debt); see also

Porter, 2009 WL 902662 at *21 ("FDCPA includes provisions that allow both an

11

actually fraudulent transfer and a constructively fraudulent transfer to be avoided.").

Here, Trustee only alleges constructively fraudulent transfers under §§ 3304(a)(1)

and 3304(b)(1)(B).

## 2.     Fraudulent Conveyance under Iowa Code Chapter 684

Defendant also moves to dismiss Count III of Trustee's Complaint where the

Trustee seeks, under § 544, to avoid transfers under Iowa Code §§ 684.4(1)(b) and

684.5(1).   These sections are part of Iowa's enactment of the Uniform Fraudulent

Transfer Act ("UFTA").   Trustee alleges that the Deeds of Trust were fraudulent

under the UFTA as to past and future creditors.   Section 684.4(1) provides:

> A transfer made or obligation incurred by a debtor is
> fraudulent as to a creditor, whether the creditor's claim
> arose before or after the transfer was made or the
> obligation was incurred, if the debtor made the transfer or
> incurred the obligation under any of the following
> circumstances:
>
> a. With actual intent to hinder, delay, or defraud any
> creditor of the debtor.
>
> b. Without receiving a reasonably equivalent value in
> exchange for the transfer or obligation, if either of the
> following applies:
>
> (1) The debtor was engaged or was about to engage in a
> business or a transaction for which the remaining assets of
> the debtor were unreasonably small in relation to the
> business or transaction.

12

> (2) The debtor intended to incur, or believed or reasonably
> should have believed that the debtor would incur, debts
> beyond the debtor's ability to pay as they became due.

Iowa Code § 684.4(1).   Section 684.5(1) provides:

> A transfer made or obligation incurred by a debtor is
> fraudulent as to a creditor whose claim arose before the
> transfer was made or the obligation was incurred if the
> debtor made the transfer or incurred the obligation without
> receiving a reasonably equivalent value in exchange for
> the transfer or obligation and the debtor was insolvent at
> that time or the debtor became insolvent as a result of the
> transfer or obligation.

Iowa Code § 684.5(1).   Like the FDCPA, Iowa's version of the UFTA thus includes

provisions that allow avoidance of fraudulent transfers based on both actual and

constructive fraud.   Iowa Code § 684.4(1)(a) (actual intent to defraud), Iowa Code §

684.4(1)(b) (constructively fraudulent transfer), and Iowa Code § 684.5(1)

(constructively fraudulent transfer).   Here, Trustee only seeks to avoid transfers

based on constructive fraud under §§ 684.4(1)(b) and 684.5(1).

## 3.   Constructively Fraudulent Transfers

To make a claim for constructively fraudulent transfer under the FDCPA for a

debt arising before the alleged transfer, Trustee must establish:

> (1)(A) the debtor makes the transfer or incurs the
> obligation without receiving a reasonably equivalent value
> in exchange for the transfer or obligation; and

13

> (B) the debtor is insolvent at that time or the debtor
> becomes insolvent as a result of the transfer or obligation
> . . . .

28 U.S.C. § 3304(a)(1).

For debts arising <u>either</u> before or after the alleged transfer is made, Trustee

must establish that a debtor made the transfer:

> (B) without receiving a reasonably equivalent value in
> exchange for the transfer or obligation if the debtor--
>   (i) was engaged or was about to engage in a business or
>   a transaction for which the remaining assets of the
>   debtor were unreasonably small in relation to the
>   business or transaction; or
>   (ii) intended to incur, or believed or reasonably should
>   have believed that he would incur, debts beyond his
>   ability to pay as they became due.

28 U.S.C. § 3304(b)(1)(B).   The provisions of the UFTA contain the same elements

and employ the same language.   Iowa Code §§ 684.4(1)(b) and 684.5(1). <u>See also</u>

<u>Porter</u>, 2009 WL 902662 at *21 ("The provisions of FDCPA are very similar to

those of UFTA.").

Section 548(a)(1)(B) of the Bankruptcy Code also allows trustees to avoid

transfers based on constructive fraud and requires a trustee to prove these same

elements.   While § 548 is not pled or involved directly with this case, the Court will

look to § 548 cases for guidance in conducting the FDCPA and UFTA analysis.

<u>See</u> <u>United States v. Goforth</u>, 465 F.3d 730, 736 (6th Cir. 2006) (using bankruptcy

14

cases that applied the Bankruptcy Code and similar state statutes as the FDCPA);

United States v. Billheimer, 197 F. Supp. 2d 1051, 1056 (S.D. Ohio 2002) (finding

the relief under FDCPA and UFTA substantially similar regarding relief and

statutory factors, and stating that "[t]he FDCPA arose to provide a single process by

which the United States could collect debts owing to it, thereby circumventing the

50 distinct state debt collection procedures under which it had formerly been

compelled to proceed") (quoting Selbe v. United States, 912 F. Supp. 202, 205

(W.D. Va. 1995)); Vancampen v. United States, No. Civ.A. 95-1436-FGT, 1997

WL 873537, at *4 (D. Kan. July 9, 1997) (using Bankruptcy Code cases to interpret

the term "reasonably equivalent value" within the meaning of the FDCPA); S.E.C.

v. Haligiannis, 608 F. Supp. 2d 444, 450 (Bankr. S.D.N.Y. 2009) (finding the

FDCPA to parallel the UFTA and the Bankruptcy Code); In re Ziegler, 320 B.R.

362, 372 (Bankr. N.D. Ill. 2005) ("Because the provisions of the UFTA parallel §

548 of the Bankruptcy Code, findings made under the Bankruptcy Code are

applicable to actions under the UFTA."); Kaler v. Red River Commodities, Inc. (In

re Sun Valley Prods., Inc.), 328 B.R. 147, 155–56 (Bankr. D.N.D. 2005)

("Considering the similarities in purpose and language, many courts have concluded

that the UFTA and section 548 are in pari materia, and that the same analysis applies

15

under both laws.   The Court finds the reasoning behind these cases persuasive and

will analyze the transfer at issue only under the purview of section 548.").

### C. Applicability of Rule 9 Pleading Standards

Defendant argues the constructively fraudulent transfer claims (Count II and

III) should also be dismissed for failing to satisfy Rule 9 pleading requirements.

Bankruptcy Rule 7009 applies Rule 9 of the Federal Rules of Civil Procedure.

When a plaintiff alleges fraud, Fed. R. Civ. P. 9(b) states that the plaintiff "must state

with particularity the circumstances constituting fraud or mistake.   Malice, intent,

knowledge, and other conditions of a person's mind may be alleged generally."

Again, while not pled here, § 548(a) and cases interpreting it provide useful

guidance.   Section 548(a), like the FDCPA and UFTA, allows a trustee to avoid

transfers that are incurred by either actual fraud or constructive fraud.   Most cases

interpreting § 548(a) have drawn a distinction between cases of actual fraud (§

548(a)(1)(A)) and constructive fraud (§ 548(a)(1)(B)) in deciding whether Rule 9

applies.   This Court has adopted the majority view and recently held that Rule 9(b)

is inapplicable to constructively fraudulent transfers under § 548(a) because intent or

deceit is not an element of constructive fraud.   Right Place, 2011 WL 4621741 at *5

(citing numerous cases, including Picard v. Cohmad Securities Corp. (In re Bernard

L. Madoff Inv. Secs. LLC), No. 09-1305, 2011 WL 3274077, at *10 (Bankr.

16

S.D.N.Y. Aug. 1, 2011) and <u>SB Liquidation Trust v. Preferred Bank</u> (<u>In re Syntax-Brillian Corp.</u>), No. 10-51389, 2011 WL 3101809, at * 7 (Bankr. D. Del. July 25, 2011)); <u>see also</u> <u>In re Anderson</u>, No. 10-50757, 2010 WL 4959948, at *4 (Bankr. E.D. Tenn. Dec. 1, 2010) (citing <u>Gold v. Winget</u> (<u>In re NM Holdings Co.</u>), 407 B.R. 232, 259 (Bankr. E.D. Mich. 2009) ("When 'fraud' is alleged solely because a debtor transferred property while it was insolvent, the transferee is not accused of an act of fraud or deception . . . .") (citation omitted); <u>State Bank & Trust Co. v. Spaeth</u> (<u>In re Motorwerks, Inc.</u>), 371 B.R. 281, 295 (Bankr. S.D. Ohio 2007) (indicating the more stringent requirements of Rule 9(b) do not apply); <u>Astro Liquidating Trust v. Xantrex Tech., Inc.</u>, 335 B.R. 309, 333 (Bankr. D. Del. 2005) (finding Rule 8(a)(2)'s notice pleading standard governs claims for constructively fraudulent transfers, not Rule 9(b)'s heightened pleading standard)).   Accordingly, this Court reviews the claims for constructively fraudulent transfers under Rule 8(a) and the minimum pleading standards in <u>Iqbal</u> and <u>Twombly</u>.   <u>Right Place</u>, 2011 WL 4621741 at *5; <u>see also</u> <u>In re Caremerica, Inc.</u>, No. L-08-00173-8-JRL, 2009 WL 2253225, at *6 (Bankr. E.D.N.C. July 28, 2009).

Defendant cites <u>Northwest Bank & Trust Co. v. First Illinois Nat'l Bank</u>, 354 F.3d 721, 727 (8th. Cir. 2003) to argue Rule 9 applies.   This case is not persuasive

because the complaint there alleged actual fraud.    There is no actual fraud claim

here, and Rule 8 standards as interpreted in Iqbal and Twombly apply.

### D. Pleading Standards Where Bankruptcy Trustee is Plaintiff

In cases decided both before and after Iqbal and Twombly, courts have given

more leeway in pleading where the bankruptcy trustee is the plaintiff.    As this Court

noted in Right Place, "[f]or claims brought by a bankruptcy trustee, courts take a

more liberal view when examining allegations of actual fraud . . . in the context of a

fraudulent conveyance, since a trustee is an outsider to the transaction who must

plead fraud from second-hand knowledge."    Right Place, 2011 WL 4621741 at *3

(quoting In re Dreier LLP, No. 09-15051(SMB), 2011 WL 2412581, at *10 (Bankr.

S.D.N.Y. June 16, 2011)), but see In re NE 40 Partners, Ltd. P'ship, 440 B.R. 124,

128 (Bankr. N.D. Tex. 2010) (noting that the Fifth Circuit does not give bankruptcy

trustees such leeway in alleging actual fraud).    "In a bankruptcy case where the

trustee or a third party outsider to the fraudulent transaction is pleading the fraud on

secondhand knowledge for the benefit of the estate and all of its creditors, greater

liberality is generally afforded in the pleading of fraud than in a civil suit."    Right

Place, 2011 WL 4621741 at *3 (quoting In re Ahead by a Length, Inc., 100 B.R. 157,

166 (Bankr. S.D.N.Y. 1989)).    Courts have allowed a trustee to allege fraud based

on information and belief if the facts are "peculiarly within the opposing party's

18

knowledge."  <u>In re Dreier</u> at *11 (citing <u>Schlick v. Penn-Dixie Cement Corp.</u>, 507

F.2d 374, 379 (2d Cir. 1974)) (quotations omitted).

In the cases cited in <u>Right Place</u>, the courts analyzed actual fraudulent transfer

pleadings under the heightened standards of Rule 9.   While this is not an actual

fraud case that falls under Rule 9, the discussion regarding leeway for Trustees in

pleading does have some application.   <u>Right Place</u>, 2011 WL 4621741 at *4

(holding same).   <u>Iqbal</u> and <u>Twombly</u> require more factual detail in Rule 8 notice

pleading; thus, the trustee now must plead in greater detail while still, in many cases,

being forced to rely on secondhand information.   <u>Id.</u>   As a result, when considering

the Motion for Partial Dismissal, Trustee's status is a necessary part of the context in

which this Court evaluates the facial plausibility of Counts II and III of the

Complaint.   <u>Id.</u>


### E. Factual Allegations Required to Establish a Plausible Claim

In order to survive a motion to dismiss under <u>Iqbal</u> and <u>Twombly</u>, Trustee's

constructively fraudulent transfer claims here must allege sufficient facts that

plausibly show Trustee is entitled to recover the alleged transfer.   A mere recitation

of the elements of constructively fraudulent transfer is inadequate to satisfy <u>Iqbal</u>

and <u>Twombly</u>.   <u>Right Place</u>, 2011 WL 4621741 at *5.   In this case, Defendant

argues that Trustee has failed to plead plausible facts to support three elements of

Defendant's alleged constructively fraudulent transfer.   First, Defendant argues that

Trustee failed to properly plead his valid right to avoid a transfer because he did not

plausibly show the IRS was a creditor at the time of the alleged transfer.   Second,

Defendant argues Trustee has not plausibly shown that Defendants received less

than reasonably equivalent value in exchange for the transfer.   Third, Defendant

asserts that Trustee did not adequately plead that Defendant was insolvent at the time

of the alleged transfers.   The Court will address these arguments separately.

### 1.   Valid Right to Avoid a Transfer

Defendant argues that Trustee lacks a valid right to avoid Carol's alleged

transfers in the Deeds of Trust.[1]   Defendant asserts that such a valid right is absent

because Trustee pled no facts to satisfy the part of § 3304(a)(1) of the FDCPA that

requires the IRS debt to be owing at the time of the allegedly fraudulent transfers.

See id. (applying § 3304(a) to "a debt to the United States which arises before the

transfer is made").

In response, Trustee points to the language of 28 U.S.C. § 3304(b), which

states that "a transfer made or obligation incurred by a debtor is fraudulent as to a

---

[1]In this case, the parties agree that Trustee represents an existing unsecured
creditor with an allowable unsecured claim under § 544(b)(1).

debt to the United States, **whether such debt arises before or after** the transfer is made or the obligation is incurred . . . ."  Id.   Thus, even assuming here that the IRS debt became due and owing only after Carol's alleged transfer of her property interest via the Deeds of Trust, Trustee may still apply this provision to avoid the transfer as constructively fraudulent.   Thus, Trustee's Complaint sufficiently alleges his valid right to avoid a transfer.

### 2.  Reasonably Equivalent Value

The second element a trustee must plausibly show is that "debtor [made] the transfer or incur[red] the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation."   28 U.S.C. §§ 3304(a)(1), (b); see also Iowa Code §§ 684.4(1)(b), 684.5(1) (same language); 11 U.S.C. § 548(a)(1)(B)(i) (debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation").   Defendant asserts Trustee has failed to plead plausible facts to show Carol did not receive "reasonably equivalent value" for pledging her interest in the Missouri Property.

The term "reasonably equivalent value" is not defined in the Bankruptcy Code.   The terms "reasonably equivalent value" and "value" are, however, both defined in the FDCPA and the UFTA.   The FDCPA provides:

(a) Transaction.   Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied, but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person.

(b) Reasonable Equivalent Value.   For the purposes of sections 3304 and 3307, a person gives a reasonably equivalent value if the person acquires an interest of the debtor in an asset pursuant to a regularly conducted, noncollusive foreclosure sale or execution of a power of sale for the acquisition or disposition of such interest upon default under a mortgage, deed of trust, or security agreement.

28 U.S.C. § 3303(a) and (b).   The UFTA section defining "value" and "reasonably equivalent value" also includes the definition of "transfer" and provides:

1. Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied, but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person.

2. For the purposes of section 684.4, subsection 1, paragraph "b", and section 684.5, a person gives a reasonably equivalent value if the person acquires an interest of the debtor in an asset pursuant to a regularly conducted, noncollusive foreclosure sale or execution of a power of sale for the acquisition or disposition of the interest of the debtor upon default under a mortgage, deed of trust, or security agreement.

22

> 3. A transfer is made for present value if the exchange
> between the debtor and the transferee is intended by them
> to be contemporaneous and is in fact substantially
> contemporaneous.

Iowa Code § 684.3.   The FDCPA and UFTA definitions are nearly identical.

"Generally, courts have noted that the provisions of the UFTA parallel § 548

of the Bankruptcy Code, and the same analysis applies under both laws."   In re

Chapman Lumber Co., Inc., No. 06-09112, 2007 WL 2316528 at *2 (Bankr. N.D.

Iowa Aug. 8, 2007) (citations omitted).   Because the definitions under the FDCPA

are the same, the § 548 analysis should apply to the FDCPA as well.   Thus, in

evaluating what constitutes "reasonably equivalent value" under the applicable code

sections here, the Court again turns to cases applying § 548 of the Bankruptcy Code

for guidance.   Goforth, 465 F.3d at 736 (using bankruptcy cases that applied the

Bankruptcy Code and similar state statutes to determine "reasonably equivalent

value").

In Right Place, this Court specifically addressed the rules for pleading

reasonably equivalent value in a § 548 case.   "[R]easonably equivalent value is a

fact intensive determination that typically requires testing through the discovery

process."   Right Place, 2011 WL 4621741 at *6 (quoting In re Charys Holding Co.,

443 B.R. 628, 638 (Bankr. D. Del. 2010)).   The complaint, however, must state

23

more than the elements of the statute.   Id.   Thus, the trustee must support his allegations with factual content describing the consideration the alleged fraudulent transferor received.   Id.

Defendant argues that Trustee failed to plausibly show that Carol did not receive reasonably equivalent value in exchange for the Deeds of Trust.   Trustee alleged that Carol received (1) no consideration and (2) she received nothing in exchange for the pledge of her interest in the Missouri Property.   Complaint ¶¶ 35, 42 and 45.   Allegations of no consideration and receipt of nothing in exchange for the transfer or obligation are factual assertions, not legal conclusions.   Right Place, 2011 WL 4621741 at *9; see also, e.g., Innovative Communication., 2010 WL 3069489 at *3 n.4.   In Right Place, this Court addressed the exact issue raised by Defendants here in addressing a trustee's § 548 claim and stated:

> a trustee's allegation that debtor received nothing in exchange for the alleged transfers is sufficient factual support [for a claim that Debtor did not receive reasonably equivalent value in exchange]. The Court draws an inference that Trustee cannot find any money or other consideration that the Debtor received in exchange for making the alleged transfers. In other words, when Trustee alleges Debtor received nothing from the defendant in exchange for an alleged fraudulent transfer, it is entirely plausible that Debtor received less than reasonably equivalent value in exchange for that alleged transfer.

24

Right Place, 2011 WL 4621741 at *9 (internal citations omitted).

Defendant points out that in this case the Trustee expressly contradicts himself on this issue in the Complaint.   Trustee claims on the one hand that Carol received no consideration.   On the other hand, Trustee states that the $1,000,000 loan, for which Carol signed a deed of trust as security, was used to pay off prior mortgages on the Missouri Property—the First Citizen National Bank loans backed by Carol's unlimited guarantee.   According to Defendant, this shows Carol received a substantial benefit from this IndyMac loan because it cancelled her prior unlimited guarantee obligation.

The Court concludes this argument about contradicting allegation raises a factual dispute—not an argument that Trustee failed to plausibly allege reasonably equivalent value.   Trustee is only required to state a plausible claim.   Whether Carol received reasonably equivalent value is ultimately a factual determination to be made based on the totality of the circumstances.   Charys, 443 B.R. at 637, 638. If the trustee has made contradictory statements on the issue, that makes up part of the totality of the circumstances.   Moreover, reasonably equivalent value is particularly susceptible to testing and further clarification through the discovery process.   Charys, 443 B.R. at 638.   Trustee has made sufficient plausible

allegations of fact to satisfy <u>Iqbal</u> and <u>Twombly</u> as to this element.   Whether those

allegations are ultimately correct is not for the Court to resolve here.

### 3.   Insolvency or Debts Beyond Debtor's Ability to Pay

The third element a trustee must plead with plausible facts is that at the time of

the transfers, the debtor (i) was insolvent before or as a result of the transfer, or (ii)

"was engaged or was about to engage in a business or a transaction for which the

remaining assets of the debtor were unreasonably small in relation to the business or

transaction," or (iii) "intended to incur, or believed or reasonably should have

believed that the debtor would incur, debts beyond the debtor's ability to pay as they

became due."   28 U.S.C. §§ 3304(a), (b)(1)(B); <u>see also</u> §§ 684.4(1)(b), 684.5(1)

(same); 11 U.S.C. § 548(a)(1)(B)(ii)(I)–(III) (same).   Defendant argues Trustee

entirely failed to plead a plausible factual basis for insolvency under <u>Iqbal</u> and

<u>Twombly</u>.

A debtor is insolvent if the "sum of the debtor's debts is greater than all of the

debtor's assets, at a fair valuation."   28 U.S.C. § 3302; <u>see also</u> Iowa Code §684.2

(same); 11 U.S.C. § 101(32)(A) (same).   To calculate insolvency, all three

fraudulent transfer schemes exclude assets that were "transferred, concealed, or

removed with intent to hinder, delay, or defraud creditors or that has been transferred

in a manner making the transfer voidable."   Iowa Code § 684.2(4); 28 U.S.C. §

3302; 11 U.S.C. § 101(32)(A).    Again, the Court recently had occasion to address

nearly identical arguments in <u>Right Place</u>.    The Court stated: "[a] complaint must

contain enough factual information to plausibly show the debtor's liabilities

exceeded assets at the time of the transfers."    <u>Right Place</u>, 2011 WL 4621741 at *6

(citations omitted); <u>see also</u> <u>Anderson</u>, 2010 WL 4959948 at *3 (insolvency

adequately pled where complaint alleged facts showing debtor's liabilities exceeded

assets as of the date of the transfer).

In this case, Trustee provided several facts to plausibly show that Carol's

non-exempt assets were worth less than Carol's debts.    In Paragraph 32, 33, and 43

of Trustee's Complaint, Trustee provides facts that show Carol did not work outside

the home in 2005 and 2006, that Carol's assets were minimal, and that for several

years Michael liquidated his and Carol's personal assets to fund the two bar and

restaurant businesses.    In Paragraph 46, Trustee provides additional information

about the couple's personal financial statement.    Additionally, Trustee pleads

alternatively that if Carol owned part of the businesses, she was still insolvent

because the businesses' inventory and equipment did not exceed the businesses'

debt. Finally, in Paragraph 28 Trustee alleges that "Indymac loaned Michael

$1,000,000.00, and part of the loan . . . was then used by Michael to make the

$7,000.00 monthly payments due Indymac."    Based on these allegations, the Court

27

finds that Trustee has pled sufficient facts to make a plausible claim that Carol's

debts were greater than her assets at the time of the alleged fraudulent transfer.

## F. Amount of Recovery Trustee Can Make

Defendant argues that even if Trustee can successfully avoid the alleged

transfers, Trustee cannot recover the full amount of the Deeds of Trust.   Defendant

argues Trustee's recovery is limited to the value of the IRS claim —$4,750 plus

interest.   Defendant argues under the FDCPA the United States may only obtain

"avoidance of the transfer or obligation to the extent necessary to satisfy the debt to

the United States."   28 U.S.C. §§ 3306(a)(1), 3307(b).   Defendant also argues that

under Iowa law a creditor may only obtain "avoidance of the transfer or obligation to

the extent necessary to satisfy the creditor's claim."   Iowa Code § 684.7(1)(a).

According to Defendant, the statutory language limits Trustee's relief to the amount

of the IRS claim.

Trustee cites Eighth Circuit case law holding that a trustee's recovery is not

limited to the value of the claim of the unsecured creditor.   Stalnaker v. DLC, Ltd.,

376 F.3d 819, 823 (8th Cir. 2004).   That case addressed a trustee's claims under

§ 544 using the Nebraska UFTA.   Id.   The Eighth Circuit specifically noted that if

the trustee prevails under § 544, then § 550(a) allows him to recover the entirety of

the value of property—not limited to the creditors' claim he identifies.   Id.

28

In Stalnaker, the Eighth Circuit cited Liebersohn v. IRS (In re C.F. Foods, Inc.), 265 B.R. 71 (Bankr. E.D. Pa. 2001).   In that case, the court noted a trustee's rights generally "are more broad than those possessed by an unsecured creditor pursuing a similar state law cause of action."   C.F. Foods, 265 B.R. at 85.   The case discussed how the Bankruptcy Code retained the rule of "a 1931 Supreme Court case, Moore v. Bay, 284 U.S. 4 (1931), which held that a trustee could avoid an entire transfer under § 544(b) without regard to the size of the claim of an unsecured creditor whose rights and powers the trustee was asserting."   Id. at 86.   The C.F. Foods case specifically addressed trustee's claim that the IRS had received prepetition fraudulent transfers.   The court there concluded its discussion of the issue as follows: "In other words, an entire transfer can be set aside even though the creditors' claim is nominal and, moreover, the recovery of the trustee is for the benefit of all creditors including those who had no right to avoid the transfer."   Id. (quoting 5 Collier on Bankruptcy ¶ 544.09[5] (15th ed. 1998)).

Trustee's argument that both Deeds of Trust are voidable and the full amount of the Deeds of Trust should be property of the estate appears to have strong support in the law.   This Court, however, need not definitely decide the issue now.   Trustee has sufficiently alleged his claims.   The full parameters of his right to recover, if any, will be determined later in the case.

29

Trustee has sufficiently pled the required elements of 28 U.S.C. § 3304(a),

§ 3304(b)(1)(B), § 684.4(1)(b), and § 684.5(1).    Defendant's Motion for Partial

Dismissal will be denied.

    **WHEREFORE**, Defendant's Motion for Partial Dismissal is DENIED.

Date and Entered: November 7, 2011

       Thad J. Collins
       Chief Bankruptcy Judge